UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE BJORN #248633,

        Plaintiff,                      Case No. 2:10-cv-228

v.                                         Honorable Robert Holmes Bell

DAVID BERGH, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

      I.        Factual allegations

Plaintiff Jamie Bjorn #248633, an inmate at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden David Bergh, Nurse Ruby Cheatham, Nurse B. Thompson, Sergeant T. Lee, Officer R. Masters, Officer Unknown Semasky, Officer Unknown Brennan, Officer K. Petoskey, Unknown Bone, and Fernando E. Frontera.

In his complaint, Plaintiff alleges that on April 28, 2008, while he was confined to the Alger Maximum Correctional Facility, Defendant Semasky wrote a major misconduct ticket on Plaintiff for assault and battery, stating that while escorting Plaintiff to the triage room, Plaintiff dropped to the floor, causing Defendant Semasky's arm to pull and straighten out. Defendant Semasky then picked Plaintiff up while Plaintiff was resisting attempts to place him on the scale. Plaintiff received a hearing on May 13, 2008, before Hearing Officer L. Maki. According to the hearing report, statements from Defendants Lee, Brennan, Masters, Petosky, Thompson and Cheatham were included in the evidence, as well as a statement by Plaintiff.

Plaintiff states that Maki obtained video of the incident and viewed it the same day. The hearing resumed after she viewed the video, which showed Plaintiff dropping to the ground when he was instructed to stand on the scale. Staff attempted to pick Plaintiff up again, but Plaintiff still would not stand. Plaintiff continued to refuse to stand on the scale, and had to be supported by staff while on scale, although he had no difficulty walking to the clinic, as well as up and down the stairs. Plaintiff was asked if there was anything he wished to add to the record and he declined. Plaintiff was informed of the decision prior to leaving the room. In the reason for finding, Hearing

Officer Maki stated that the video was confidential since it discloses the moves and tactics of the move team, so that release would jeapordize institutional security. Maki further stated that Plaintiff was not prejudiced by that decision because he was informed of the contents of the video and was given an opportunity to respond. Maki noted that Plaintiff was correct that there was no record that he had been contacted by a hearing investigator, but indicated that any error was corrected by the adjournment of the hearing for Plaintiff's request of the video. Hearing Officer Maki concluded that the evidence supported a finding of guilt on the charge.

Petitioner filed a request for rehearing, which was denied. Plaintiff states that he had been on a hunger strike and felt faint during the alleged incident, and that he did not intentionally assault anyone. Instead, Plaintiff claims that Defendants assaulted him when he was unable to stand on the scale unassisted. Plaintiff claims that Defendants' conduct violated his right to due process, as well as his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his major misconduct conviction and subsequent major misconduct conviction violated his rights under the Fourteenth Amendment. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charge was supported by the record. Hearing Officer Maki viewed a video of the incident before making a decision on this issue. Plaintiff was allowed to respond to the video after the findings were explained to him. Finally, at the conclusion of the hearing, Hearing Officer Maki stated:

On 4/29/08 the prisoner physically resisted staff when he dropped to the floor as officers was [sic] holding on to his arm. This was done intentionally as the prisoner dropped when he was told to stand on the scale. When staff stood him up, he still refused to hold up his own weight. Prisoner claims that 'my legs went out and I fell.' This is not true. Prisoner intentionally dropped as evidenced by the fact that the prisoner continued [sic] refusal to hold hi own weight on the scale. Reporting staff member factual and is credible as to what occurred. He was supported by the video and statements from from [sic] other staff. Charge upheld." (*See* Plaintiff's complaint, p. 3, ¶ IV.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

Plaintiff also claims that he was assaulted by Defendants when he could not stand on the scale unassisted in violation of his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The court notes that, as set forth above, Plaintiff details the finding in his misconduct hearing and notes that Hearing Officer Maki made the findings after viewing video of the incident. As noted above, Hearing Officer Maki specifically found that Plaintiff assaulted Defendant Semasky by dropping to the floor, which caused Defendant Semasky's arm to be pulled down sharply. Therefore, Plaintiff's claim that he was assaulted lacks merit.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: August 31, 2011                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE